**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

F I L E D

DEC 1 1 2009

CLERK. U.S. DISTRICT COURT
ALEXANDRIA. VIRGINIA

DORIS C. RUIZ,                          )
      **Plaintiff,**                    )
                                       )
      v.                               )      Civil Action No. 1:09cv688
                                       )
SAMUEL I. WHITE, P.C., *et al.*,        )
      **Defendants.**                  )

## ORDER

Pending before the Court is plaintiff's First Amended Complaint, filed on November 16, 2009, pursuant to an Order dated November 9, 2009. *See Ruiz v. Samuel I. White, P.C.*, 1:09cv688 (E.D. Va. Nov. 9, 2009) (Order). That Order dismissed Counts V and VI of the Complaint without prejudice and with leave to amend only if the recorded deed of trust differed from the deed of trust attached as an exhibit to defendants' memorandum. Specifically, the Order stated as to Count V: "plaintiff is granted leave to amend Count V if, following a thorough investigation, plaintiff has a good faith basis . . . to pursue this claim on the ground that the recorded deed of trust does not contain the provisions quoted here authorizing MERS, as nominee, to appoint successor trustees." *Id.* at 4-5. Similarly, the Order further stated that "Count VI is also dismissed with leave to amend provided that plaintiff determines, following an investigation of the public records, that the recorded deed of trust differs from the quoted provisions here relating to MERS's authority, as nominee, to foreclose and sell plaintiff's property." *Id.* at 5 n.4. The parties appeared at a December 11, 2009 status hearing to determine whether the Amended Complaint impermissibly repleaded these Counts. This Order memorializes the ruling from the Bench with respect to this issue.

-1-

Paragraphs 43-46[1] of Count VI essentially replead plaintiff's claim that MERS lacked the authority to appoint substitute trustees. Notably, plaintiff fails to assert that the recorded deed of trust lacked a provision granting MERS this authority, and indeed plaintiff's counsel represented in the course of the December 11, 2009 hearing that he in fact had not obtained a copy of the recorded deed of trust. Rather, plaintiff's counsel relinquished the contention that the deed of trust submitted as an exhibit by defendant, and made a part of this record, is inaccurate or inconsistent with the recorded deed of trust. Based on this representation, plaintiff's counsel now argues that the deed of trust only authorized MERS to exercise the rights of the lender "if necessary to comply with law or custom," and that defendant lacked authority to appoint a substitute trustee because no law or custom compelled defendant to act. *See* Am. Compl. ¶ 7. In the first instance, this Count also exceeds the limited scope of permissible amendment, which permitted repleading only if plaintiff's counsel investigated the public record. Yet, even when considered on its merits, plaintiff's claim still fails. The "if necessary to comply with law or custom" language does not, as plaintiff's counsel asserts, require that the nominee have the power to act only when directed by law; rather, the nominee may act on behalf of the Lender as authorized by the deed of trust. It is this document that explicitly defines the nominee's powers—here, the power of foreclosure—and is binding on the parties under Virginia contract law. Moreover, a review of the deed of trust makes clear that MERS had the authority to appoint successor trustees. *See Ruiz v. Samuel I. White, P.C.*, 1:09cv688, at 4 (E.D. Va. Nov. 9, 2009) (Order). For these reasons, paragraphs 43-46 of Count VI must be dismissed.

---

[1] It is worth noting that a second "paragraph 42" erroneously appears between paragraphs 44 and 45. The dismissal of paragraphs 43-46 includes this second paragraph 42.

By contrast, paragraphs 41-42 of the Amended Complaint—which allege that the substitution notice sent to plaintiff falsely states that MERS was the holder of the note—were not pled in the original Complaint. In the course of the December 11, 2009 hearing, plaintiff's counsel argued that this new claim should not be dismissed because it was not subject to the prior dismissal Order. Yet, the addition of this claim is not permitted under the plain terms of the Order. Nor has plaintiff filed a motion to amend the Amended Complaint, as required by Rule 15(a), Fed. R. Civ. P., in light of defendants' having filed responsive pleadings in this matter. In response, plaintiff's counsel made an oral motion to amend the Amended Complaint pursuant to Rule 15(a)(2), Fed. R. Civ. P., which is granted *nunc pro tunc* as a matter of grace. *See Edwards v. Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999). Accordingly, paragraphs 41-42 of the Amended Complaint are not dismissed by this Order, and defendants may file motions to dismiss or motions for summary judgment as to these paragraphs consistent with this Order.

Finally, Count VII—which alleges that MERS lacked authority to appoint a substitute trustee and therefore improperly noticed plaintiff's property for sale—repleads paragraphs 42 and 43 of the original Complaint verbatim. This claim was previously dismissed on the merits because, "according to the deed of trust, 'MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, *the right to foreclose and sell the Property*.' Def.'s Ex. A at 4 (emphasis added)." *Ruiz*, 1:09cv688, at 5. This Count also exceeds the scope of permissible amendment because it fails to allege that this provision is absent from the recorded deed of trust—which in fact plaintiff failed to investigate—and therefore must be dismissed with prejudice.

Accordingly, for the reasons stated from the Bench, and for good cause,

It is hereby **ORDERED** that paragraphs 43-46 of Count VI of the Amended Complaint are **DISMISSED** with prejudice and without leave to amend.

It is further **ORDERED** that Count VII of the Amended Complaint is **DISMISSED** in its entirety with prejudice and without leave to amend.

It is further **ORDERED** that plaintiff's oral motion to amend the Amended Complaint to include paragraphs 41 and 42 pursuant to Rule 15(a)(2), Fed. R. Civ. P., is **GRANTED** *nunc pro tunc*.

It is further **ORDERED** that the defendants' respective motions to dismiss (Docs. 38, 39) are **DENIED**.

It is further **ORDERED** that defendants may, if they choose, file motions to dismiss or motions for summary judgment as to the remaining Counts in the Amended Complaint by 5:00 p.m., Friday, December 18, 2009.

It is further **ORDERED** that the final pretrial conference scheduled in this matter for 11:00 a.m., Thursday, December 17, 2009, is hereby **CONTINUED** to 11:00 a.m., Thursday, January 21, 2010.

The Clerk is directed to send a copy of this Order to all Counsel of record.

Alexandria, VA
December 11, 2009

T. S. Ellis, III
United States District Judge